IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Shala Howard, | ) | Civil Action No.: 4:12-cv-2647-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Coca Cola Bottling Co. Consolidated, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Shala Howard ("Plaintiff") filed this action in state court on July 12, 2012 seeking recovery against her former employer, Defendant Coca Cola Bottling Co. Consolidated ("Defendant"), for wrongful termination.[1]  *See* State Court Documents, ECF No. 1-1.  Defendant removed the action to this Court on September 14, 2012.  *See* Notice of Removal, ECF No. 1.  In her Complaint, Plaintiff asserts that she suffered discrimination based on her race and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, and race discrimination in violation of 42 U.S.C. § 1981.  *See* ECF No. 1-1.  On June 21, 2013, Defendant filed a motion summary judgment.  *See* Mot. for Summ. J., ECF Nos. 29–31.  The matter is now before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West.[2]  In the R & R, the Magistrate Judge recommends the Court grant Defendant's Motion for Summary Judgment and dismiss the action.

For the following reasons, the Court adopts the Magistrate Judge's Report and Recommendation, and grants Defendant's Motion for Summary Judgment.

---

[1] Plaintiff also named Coca Cola Co. as a defendant in her Complaint, but the parties jointly stipulated to dismissal of this defendant on March 18, 2013.  *See* Stipulation, ECF No. 24.

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

S<small>TANDARD OF</small> R<small>EVIEW</small>

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

S<small>UMMARY</small> J<small>UDGMENT</small> S<small>TANDARD</small>

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

In this case, Defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 845 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If Defendant carries this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact." *Id.* at 718–19 (citing *Anderson*, 477 U.S. at 247–48).

"Once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. *See id*; *Doyle v. Sentry, Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va. 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Baber*, 977 F.2d at 875 (citing *Celotex*, 477 U.S. at 324)). Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993); *DeLeon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1223 n.7 (4th Cir. 1989).

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor. *See Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts of this case, including citations to the record, were completely and accurately set forth in the Magistrate Judge's Report and Recommendation. *See* R & R, ECF No. 50 at 2–7. Briefly stated, Plaintiff was employed by Defendant from April 2007 to March 2011. *See* Pl.'s Dep. and Exhibits, ECF No. 29-2 at 13, 24, 29, 31.[3] Her most recent position was an inventory administrator at Defendant's Marion, South Carolina plant. *See id.* During the course of her employment, Plaintiff received various punishments pursuant to Defendant's "Corrective Action Policy." *See id.* at 69–72. At the time she was terminated, Plaintiff's shift was from 4:00 a.m. to 12:00 p.m. *See id.* at 33.

On the morning of March 21, 2011, Plaintiff failed to clock in. *Id.* at 41. When she received an email from the office administrator asking what time she arrived to work, Plaintiff replied that she arrived at 3:58 a.m. *Id.* at 39–40. She also informed Jimmy Cribb ("Cribb"), her supervisor, she arrived at this time when he inquired. *Id.* at 47. She later testified that she told them 3:58 a.m. because the clock in her car displayed that time when she arrived. *Id.* at 40. Surveillance tape footage, however, shows that on the morning of March 21, 2011, Plaintiff arrived for her shift at 4:04 a.m. *See* DVD, ECF No. 31 (showing excerpted footage from this time frame). On March 28, 2011, Plaintiff was fired for falsifying documents. ECF No. 29-2 at 66; Cribb Dep., ECF No. 31-3 at

---

[3] Exhibit B to Defendant's Motion, ECF No. 29-2 contained excerpts from Plaintiff's deposition, as well as documents that were originally attached as exhibits to that deposition. Therefore, for consistency and clarity, any page numbers referenced in this Order correspond to page number of the ECF filing, rather than the document's original pagination.

5.  Her supervisor testified that he did not consider any of her prior disciplinary actions when he terminated her.   Cribb Dep., ECF No. 39-7 at 14.

Plaintiff timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") on November 28, 2011.  In the charge, she claimed that she, a black female, was discriminated against by her supervisor, who she claims treated similarly situated white employees and male employees better than her.  *See* Charge of Discrimination, ECF No. 39-1.  The EEOC issued Plaintiff a right-to-sue letter on May 15, 2012, and she brought the present action in state court on July 12, 2012, which was removed to this Court on September 14, 2012.  *See* Notice of Removal, ECF No. 1; State Court Documents, ECF No. 1-1.

## DISCUSSION

### I.     R & R and Objections

The Magistrate Judge recommends that Defendant's Motion for Summary Judgment be granted.  As previously noted, Plaintiff asserts claims for race and sex discrimination in violation of Title VII, and race discrimination in violation of 42 U.S.C. § 1981.   The Magistrate Judge stated that Plaintiff does not present a mixed-motive claim and was proceeding under the framework set forth in *McDonnell Douglass Corp. v. Green*, 411 U.S. 792, 802 (1973).   *See* ECF No. 50 at 9–10.   There is no objection to this framing of the Magistrate Judge's analysis of Plaintiff's claims.   The R & R first recommends finding that Plaintiff failed to establish a *prima facie* case because she failed to meet her burden of establishing that she was meeting Defendant's legitimate expectations at the time of termination.  *Id.* at 14.  Moreover, the R & R recommends finding that Plaintiff failed to show that she was subjected to more severe discipline than similarly situated employees.  *Id.* at 15.  Finally, the Magistrate Judge recommends finding that, even if Plaintiff established a *prima facie* case,

5

Defendant articulated a legitimate, non-discriminatory reason for her termination and Plaintiff failed to meet her burden of showing that this reason was pretexual.  *Id.* at 20.

Plaintiff timely filed objections to the R & R.  *See* Pl.'s Objs., ECF No. 51.  Plaintiff's first objection asserts that the Magistrate Judge failed to consider the evidence presented in the light most favorable to the Plaintiff.  *Id.* at 4.  Plaintiff also contends that the Magistrate Judge improperly determined she had not demonstrated a genuine issue of material fact.  *Id.*  Specifically, Plaintiff claims that she did in fact submit sufficient evidence demonstrating that she was meeting Defendant's expectations.  *Id.* at 5.  Finally, Plaintiff points to the evidence which she argues establishes that similarly situated received less severe discipline than she did.  *Id.* at 6–8.

Plaintiff's only relevant and properly articulated objection, therefore, concerns the Magistrate Judge's analysis of the evidence presented, and her determination that summary judgment is appropriate on Plaintiff's sex and race discrimination claims.  Plaintiff essentially rehashes the arguments of her Motion for Summary Judgment, citing to the same evidentiary support which the Magistrate Judge already determined failed to establish a genuine issue of fact.   The key inquiry for the Court, therefore, is simply whether it concurs with the Magistrate Judge's analysis.

**II.    Relevant Law**

The Court agrees with the Magistrate Judge that Plaintiff is proceeding under the *McDonnell Douglas* burden-shifting framework.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005).  Plaintiff did not object to the Magistrate Judge's determination that she does not present a mixed-motive claim, and the Court finds no clear error with that determination.  The *McDonnell Douglas* framework may be used for both race and gender discrimination claims.  *See, e.g.*, *Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004) ("[T]he *McDonnell Douglas*

framework, developed for Title VII, has been used to evaluate race discrimination claims . . . ."); *Mackey v. Shalala*, 360 F.3d 463, 468 (4th Cir. 2004) (applying the *McDonnell Douglas* framework to a sex discrimination claim). Moreover, courts utilize the same test and proof scheme for Title VII and § 1981. *See Gairola v. Va. Dep't of Gen. Servs.*, 753 F.2d 1281, 1285–86 (4th Cir. 1985) (applying Title VII burden-shifting proof scheme to actions brought pursuant to § 1981).

Pursuant to this framework, the burden is initially on the plaintiff to establish a *prima facie* case of a violation of Title VII. If the plaintiff successfully establishes a *prima facie* case, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for its employment action. *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294 (4th Cir. 2010). If the defendant meets the burden to demonstrate a legitimate, nondiscriminatory reason for its employment action, the burden shifts back to the plaintiff to demonstrate by a preponderance of the evidence "that the neutral reasons offered by the employer 'were not its true reasons, but were a pretext for discrimination.'" *Id.* (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

**III.     Whether Plaintiff Established a *Prima Facie* Case**

To establish a *prima facie* case of race or gender discrimination, Plaintiff must prove the following four elements: (1) she was a member of a protected class (here, African American and female); (2) she suffered an adverse employment action; (3) at the time of the adverse action she was performing up to her employer's expectations; and (4) the circumstances gave rise to an inference of unlawful discrimination. *Adams v. Trs. of the Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011) (in failure to-promote context). The Fourth Circuit has alternately stated the fourth element requires a plaintiff to prove that "similarly-situated employees outside the protected class received

more favorable treatment." *Young v. United Parcel Serv., Inc.*, 707 F.3d 437, 449–50 (4th Cir. 2013) (quoting *Gerner v. Cnty. of Chesterfield*, 674 F.3d 264, 266 (4th Cir.2012)). Moreover, in a discriminatory discharge matter concerning the enforcement of employee disciplinary measures, the Fourth Circuit noted the inference of unlawful discrimination could be established by showing that "other employees who were not members of the protected class were retained under apparently similar circumstances." *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 133 (4th Cir. 2002). As the Magistrate Judge correctly explained, however, the exact standard is flexible depending on the facts and claims alleged. *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995).

Defendant argued, and the Magistrate Judge found, that Plaintiff had not met the third and fourth requirements for establishing a *prima facie* case. As previously noted, these elements require that the Plaintiff show she was meeting her employer's legitimate expectations at the time of her termination, and that the circumstances gave rise to an inference of unlawful discrimination. The Court disagrees with Plaintiff's assertion that the Magistrate Judge did not examine the evidence in a light most favorable to Plaintiff, and overrules that objection.

The evidence Plaintiff points to in the remainder of her objections is the same evidence that the Magistrate Judge extensively analyzed in the R & R. Plaintiff first objects on the grounds that she presented sufficient evidence that she was meeting Defendant's expectations. The Court first notes that Plaintiff fails to specifically detail any error with the Magistrate Judge's finding regarding whether she was meeting expectations. Rather, she again discusses other employees who purportedly incurred worse violations, yet were disciplined less severely. *See* ECF No. 51 at 5. She asserts in her objections that the Magistrate Judge's failure to consider differential treatment as evidence that she was performing at her employer's legitimate expectations was improper. *Id.*

The Court notes that this information about other employees' punishments is irrelevant as to whether Plaintiff was meeting expectations. It is relevant to the fourth prong, not the third. As the Magistrate Judge detailed in the R & R, and the Court reiterates, Plaintiff must proffer evidence that "*she* was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action." *Miles v. Dell, Inc.*, 429 F.3d 480, 485 (4th Cir. 2005). Moreover, Plaintiff cannot simply claim that she was meeting expectations without providing any additional evidence. As the Fourth Circuit has explained, Plaintiff's own "subjective self-assessments . . . are not sufficient to sustain her burden of showing that she was meeting . . . legitimate expectations." *Horne v. Reznick Fedder & Silverman*, 154 Fed. App'x 361, 363 (4th Cir. 2005); *see also Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 960–61 (4th Cir. 1996) ("'It is the perception of the decision maker which is relevant,' not the self-assessment of the plaintiff." (quoting *Smith v. Flax* 618 F.2d 1062, 1067 (4th Cir. 1980))). Finally, proof that the Plaintiff's performance was comparable to her coworkers' is not proof that she met her employer's legitimate expectations. *See King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003). The Court agrees with the Magistrate Judge that Plaintiff has failed to meet this element, as she has not presented any evidence that she was meeting expectations, aside from her conclusory assertion that she was. Her coworkers' performance and discipline is not relevant to this inquiry.

As the Magistrate Judge explained, however, not all cases considering claims of disparate discipline include the "meeting expectations" element. *See, e.g.*, *Hoyle v. Freightliner LLC*, 650 F.3d 321, 336 (4th Cir. 2011) (providing for a three elements a plaintiff must show to establish a *prima facie* case: "(1) she is a member of a protected class under Title VII; (2) the prohibited conduct in which she engaged was comparable in seriousness to misconduct of employees outside the

protected class; and (3) she suffered more severe discipline for her misconduct as compared to those employees outside the protected class"). Accordingly, the Court will also analyze whether Plaintiff has established that the "circumstances gave rise to an inference of unlawful discrimination," *Adams*, 640 F.3d at 558, which she may establish by showing that "similarly-situated employees outside the protected class received more favorable treatment," *Young*, 707 F.3d at 449–50.

Plaintiff focused much of her memorandum in opposition to summary judgment and her objections to her argument that she suffered more severe discipline than her white and male coworkers. Plaintiff's objections point to the following examples of employees who purportedly received more favorable treatment: (1) a male coworker ("Jones")[4] had two major safety violations and was not terminated, (2) "Defendant relied on 6 discipline measures as evidence of actual rational [sic] to terminate the plaintiff" but a coworker "received 5 discipline measures and 2 safety violations in the same amount of time," (3) a male employee had several absences but remained employed, (4) two male employees bragged about drug use but remained employed, (5) an employee "mooned" his supervisors, and (6) Plaintiff witnessed Caucasians remain employed after suspension three times in two years.[5] ECF No. 51 at 5–9. Plaintiff also objects on the grounds that "Defendant did not consider that any of the Plaintiff's disciplines have fallen off." *Id.* at 6. Finally, she argues that there is "no way as set forth for there to be an exact situation similar to Plaintiff." *Id.* at 6–7. Plaintiff argues that this evidence creates a genuine issue of material fact.

---

[4] The objections simply refer to "Jones," which a review of the record suggests is Donnie Jones, a white male.

[5] The Court notes that several of these examples are not relevant. For example, Plaintiff admitted that she never reported the coworkers who purportedly were bragging of drug use to Defendant. *See* ECF No. 29-2 at 43–44. There is no evidence in the record indicating Defendant was aware of this information aside from Plaintiff's conclusory assertion that "everyone knew about it." *Id.* at 91. Moreover, Defendant provided evidence that the employee who mooned his coworkers was terminated for that behavior. *See* ECF No. 31-3 at 8; Corrective Action, ECF No. 31-2 at 2.

As previously noted, the Magistrate Judge specifically analyzed all of these arguments extensively in the R & R. *See* ECF No. 50 at 12–20. After review of the record and the R & R, the Court agrees with the Magistrate Judge's analysis and adopts it as its own. First, as to Plaintiff's objection regarding consideration of prior discipline, the Court notes that the Plaintiff's supervisor specifically stated that Plaintiff's falsification of the time card was the only consideration that factored into his decision to terminate her. *See* Cribb Dep. ECF No. 39-7 at 14. Moreover, as the supervisor detailed, the disciplinary decision to terminate is made according to what the employee did rather than the number of corrective actions the employee previously received. *See id.* at 8. Accordingly, Plaintiff's objections regarding the amount of corrective actions she had incurred in relation to other employees, and whether they had "fallen off," is irrelevant. As to the remaining examples, Plaintiff either fails to detail the specific actions for which the comparator-employee purportedly received less severe discipline, or she does not sufficiently explain how these actions were sufficiently comparable to falsification of a time card.

Although Plaintiff need not establish exact similarity, *see Cook v. CSX Transp. Corp.*, 988 F.2d 507, 511 (4th Cir. 1993), "[t]he similarity between comparators and the seriousness of their respective offenses must be clearly established in order to be meaningful." *Lightner v. City of Wilmington*, 545 F.3d 260, 265 (4th Cir. 2008). As this Court has previously explained, Plaintiff must "present sufficient evidence to show that the other employees were similarly situated in 'all relevant respects' to satisfy the fourth element of the *prima facie* standard." *Cooper v. Martek Biosciences Kingstree, Corp.*, No. 4:11–cv–02553–RBH, 2013 WL 787669, at *4 (D.S.C. March 4, 2013) (quoting *Ward v. City of N. Myrtle Beach*, 457 F. Supp. 2d 625, 643 (D.S.C. 2006)). Plaintiff has not provided sufficient evidence establishing that the actions of the comparators were similarly

situated in "all relevant aspects." Plaintiff falsified her time card, which was an immediately terminable offense. *See* ECF No. 31-3 at 5. As the Magistrate Judge noted in the R & R, at the hearing the Court asked Plaintiff's counsel whether the comparators had also committed terminable offenses. *See* ECF No. 50 at 19. Plaintiff's counsel responded that there was a list of terminable offenses attached to Cribb's deposition, but the Court has been unable to locate this document in the record. Moreover, Plaintiff's objections point to no evidence establishing that these employees committed terminable offenses. Therefore, Plaintiff has failed to sufficiently establish that the proffered comparator-employees committed offenses which were similar in seriousness to falsification of a time card. Consequently, she has not demonstrated that any other employees outside her protected class received more favorable treatment after engaging in similar misconduct. *See Young*, 707 F.3d at 449–50; *Lightner*, 545 F.3d at 265.

Accordingly, the Court agrees with the Magistrate Judge that Plaintiff has failed to show that disparate discipline was given to an employee outside her protected class, and thus has failed to establish a *prima facie* case of discrimination.

**IV.    Pretext**

The Magistrate Judge also recommended finding that, even if Plaintiff established a *prima facie* case, the Defendant met its burden of demonstrating a legitimate, nondiscriminatory reason for its employment action. *See Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294 (4th Cir. 2010). Plaintiff has not addressed this recommendation and, finding no clear error, the Court agrees with the Magistrate Judge that Defendant sufficiently met its burden.

Once defendant meets its burden, however, the burden shifts back to the plaintiff to demonstrate by a preponderance of the evidence "that the neutral reasons offered by the employer

12

'were not its true reasons, but were a pretext for discrimination.'" *Id.* (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). Plaintiff cites a Seventh Circuit case in her objections which states that "[a] showing that similarly situated employees belonging to a different racial group received more favorable treatment can also serve as evidence that the employer's proffered legitimate, nondiscriminatory reason for the adverse job action was pretext for racial discrimination." *Gordon v. United Airlines Inc.*, 246 F.3d 878, 892 (7th Cir. 2001) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 43 (2d Cir. 2000)) (internal quotation marks omitted).

As the Magistrate Judge noted, Plaintiff relied on the same evidence of discrimination through differential treatment she used in support of her *prima facie* case to support her argument of pretext. In order to show pretext, Plaintiff must demonstrate that Defendant's explanation is "unworthy of credence." *See Mereish v. Walker*, 359 F.3d 330, 336 (4th Cir. 2004). The Court also adopts the Magistrate Judge's analysis on pretext as its own, *see* ECF No. 50 at 20–22, and finds that Plaintiff has not demonstrated that Defendant's reason is unworthy of credence. After review of the evidence, the Court agrees with the Magistrate Judge that the evidence presented does not show that Defendant's stated reason for terminating Plaintiff was not the real reason for her discharge. Accordingly, the Court finds that no reasonable jury could rule in Plaintiff's favor and, therefore, Defendant is entitled to summary judgment.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Defendant's Motion for Summary Judgment, Plaintiff's Response in Opposition to Motion for Summary Judgment, Defendant's Reply to Plaintiff's Response, the R & R, Plaintiff's objections to the R & R, Defendant's Reply to Plaintiff's Objections and applicable law. For the reasons stated above and by

the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**, and that Plaintiff's complaint is **DISMISSED** *with prejudice*.

**IT IS SO ORDERED.**

                                                                                   s/ R. Bryan Harwell
                                                                                    R. Bryan Harwell
                                                                                    United States District Judge

Florence, South Carolina
March 6, 2014